In the Matter of the Claim of IDA BACKSTROM, Respondent, against TURNER CONSTRUCTION COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 8, 1954.

*Thomas F. Keane* and *Albert P. Thill* for appellants.

*Katz & Liedman* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

COON, J. On May 18, 1951, the deceased employee sustained an injury to his back in the course of his employment, which resulted in his immediate hospitalization. He remained in the hospital until his death on July 10, 1951. Beginning five days

after his admission to the hospital, the hospital records indicate at intervals such notations as: " Stools constipated — reddish color "; " Bloody Feces "; and, " Bleeding from rectum." His case was finally diagnosed as carcinoma of the sigmoid, and an operation was performed for such condition on July 6, 1951, and as the result of the operation deceased died on July 10, 1951. It is without dispute in the record that decedent's death was due to the carcinoma and the operation and complications following the operation and had no direct connection with his back injury. The question presented is whether there is substantial evidence, when the medical testimony is considered as a whole, to support the award.

The attending physician, who saw deceased immediately after the accident of May 18, 1951, and almost daily thereafter until his death, testified unequivocally that the death was not related to the accident, directly or indirectly. The operating surgeon filed a report that the accident was not the cause, directly or indirectly, of the death. The assistant medical examiner of the City of New York, who performed an autopsy on decedent, testified that the death was due to the operation for cancer, and that the operation was not necessitated by the accident. The only medical evidence to the contrary was the opinion of one doctor who never saw the deceased, expressed in answer to a hypothetical question, that the accident accelerated the rate of growth of the pre-existing carcinoma and indirectly contributed to the death. It is apparent from the testimony of this physician and from the facts included in the original hypothetical question that he at first assumed that the rectal bleeding began after the accident. The record discloses that such condition existed prior to the accident. When this information was added to the hypothetical question he testified that it would not change his opinion. However, he " assumed " that the prior bleeding was due to hemorrhoids, although there is no satisfactory proof, if indeed there is any proof, that decedent had suffered from hemorrhoids. This same physician testified that in order to determine whether the growth of the carcinoma was accelerated or not, it would be necessary to know the rate of growth before the accident. As to this, he concedes he had no knowledge.

Thus we have the positive testimony of the attending physician, the operating surgeon, and the medical examiner who performed the autopsy, as against the opinion of a physician who never saw the decedent and whose opinion was based, at least in part, upon mistaken facts and upon facts not included in the

hypothetical question and not within his knowledge. Such a state of the record does not satisfy the substantial evidence rule, and when the record is considered as a whole, there is no substantial evidence to sustain the award. (*Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 304 N. Y. 65.)

The present case is very closely parallel to *Matter of Hayes* v. *Stroock & Co.* (283 App. Div. 578, 580), wherein Mr. Justice BERGAN used the following appropriate expression: '' It is not always enough, therefore, to support an award that there be some expression of medical opinion in the direction the award takes; such opinion may be so dislocated in reference to all the other medical proof which the board, and a court on review, must consider, that it affords no sure foundation to decision.''

The award should be reversed and the claim dismissed, with costs to appellants against the Workmen's Compensation Board.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur.

Award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board.