In the Matter of the Claim of Margaret McGuinn et al., Respondents, and Matthew McGuinn et al., Claimants, against F. W. Woolworth Co. et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, March 9, 1955.

*Kenneth W. Greenawalt* for F. W. Woolworth Co., appellant.

*Urban S. Mulvehill* for Travelers Insurance Company and another, appellants.

*Jacob K. Javits,* Attorney-General (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Sidney B. Felsenfeld* and *Lawrence Milberg* for claimants-respondents.

BERGAN, J. In 1950 we held on the first appeal in this case (277 App. Div. 1066) that the Workmen's Compensation Board had before it sufficient evidence to find accidental causation of the death of the employee; but on the question of dependency of her family on the earnings we remitted the case to the board for further consideration.

When the case came here again with the record on dependency implemented by further proof we affirmed the award (283 App. Div. 1122 [June 18, 1954]). On the motion for reargument made in September, 1954, which was addressed to the main question of accident decided in 1950 as well as to dependency, we felt there should be a broad re-examination of both questions and allowed reargument in full scope (284 App. Div. 855 [Sept. 15, 1954]).

We did this because the case is a close one; and we wanted to view it with somewhat more particularity in the light of the trend of decisions since 1950 requiring substantial proof of accidental injury on the whole record; especially *Matter of McCormack* v. *National City Bank* (303 N. Y. 5 [1951]); *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works* (304 N. Y. 65 [1952]); *Matter of Hayes* v. *Stroock & Co.* (283 App. Div. 578 [1954]), and *Matter of Backstrom* v. *Turner Constr. Co.* (284 App. Div. 368 [1954]).

Our re-examination leads us, however, to the same result; and we adhere to our previous view of the case. Here the death of the decedent, a fifteen-year-old girl working in the employer's store was due to cerebellar hemorrhage.

Proof of the happening of the accident rests on hearsay, but there is enough evidence for the board to find under its statutory authority in such a case (Workmen's Compensation Law, § 118) that decedent accidentally struck her head on July 15, 1946,

while at work. The hearsay could be regarded as corroborated by autopsy proof of a hematoma four centimeters in diameter in the right posterior parietal area with ecchymosis and by evidence that the back of her head was sensitive immediately after the time of claimed accident; and by her becoming acutely ill. She died five days after the accident.

There is proof that she suffered from a brain tumor. There is medical opinion which would justify the board in finding that even with the pre-existing brain tumor as a heavy contributing cause, the blow on the head had started up the hemorrhage which caused death.

There is strongly expressed opinion the other way; but there is enough evidence on the whole record in favor of the accidental causation of death to support the award. We are not troubled on reconsidering the question of dependency and adhere to our decision of 1954.

The decision and award should be affirmed, with costs.

FOSTER, P. J., COON, IMRIE and ZELLER, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board. [See *post*, p. 1207.]